**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY PESAVENTO, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF JOLIET, | ) | |
| Joliet Police Officers | ) | |
| ANTHONY ADAMS, and | ) | Jury Demand |
| JAMES HOGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4.      Plaintiff is a resident of Joliet.

5.      Defendant-Officers ADAMS and HOGAN are duly appointed and sworn Joliet police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.      The Defendant-Officers are sued in their individual capacities.

7.      Defendant CITY OF JOLIET is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

1

**Facts**

8.      On or about September 27, 2011, Plaintiff ANTHONY PESAVENTO was at Starr Inn in Joliet with his girlfriend and another individual.

9.      At approximately 6:00 a.m., Plaintiff got into a verbal argument with his girlfriend.

10.     Upon information and belief, someone at Starr Inn called the police about the argument.

11.     Defendant-Officers ADAMS and HOGAN responded to Starr Inn.

12.     Defendant-Officers ADAMS and HOGAN entered Plaintiff's room.

13.     Plaintiff was handcuffed.

14.     Defendant-Officer HOGAN intentionally handcuffed Plaintiff in a way that was excessively tight, which caused Plaintiff extreme pain and emotional distress.

15.     Defendant-Officer HOGAN twisted Plaintiff's wrists and struck him on his right arm.

16.     Defendant-Officer HOGAN broke Plaintiff's right wrist.

17.     Defendant-Officer ADAMS took no action to prevent HOGAN from injuring Plaintiff.

18.     Plaintiff was searched. No contraband or evidence of criminal activity was found.

19.     Plaintiff's girlfriend told Defendant-Officer ADAMS and HOGAN that she was all right and they she and Plaintiff were just having a verbal argument.

        Defendant-Officers ADAMS and HOGAN took Plaintiff to a squad car.

20.     Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

21.     Plaintiff was driven to a gas station and released from the squad car.

22.     Plaintiff entered the gas station while crying in pain because of his injured wrist.

23.     A Joliet police officer arrived at the gas station and asked Plaintiff what was wrong.

24.     Plaintiff explained that he was in pain from his injury caused by Defendant-Officer HOGAN.

25.     The Joliet police officer gave Plaintiff a ride most of the way to Saint Joseph Medical Center, dropping him off a few blocks away.

26.     Plaintiff was diagnosed with a broken wrist which required surgery.

27.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

28.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, emotional distress and pecuniary damages including medical expenses.

**COUNT I**
**(42 U.S.C. § 1983 – Unreasonable Seizure)**

29.     Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

30.     Defendant-Officers seized Plaintiff.

31.     Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was involved in criminal activity at the time.

32.     Defendant-Officers did not have any other legal justification to seize Plaintiff.

33.     The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

**COUNT II**
**(42 U.S.C. § 1983 – Excessive Force)**

34.     Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

3

35.     Defendant-Officer HOGAN violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officer HOGAN,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

36.     Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

37.     While Plaintiff was subjected to excessive force as described above, Defendant-Officer ADAMS had an opportunity to intervene, but chose not to intervene.

38.     Defendant-Officer ADAMS was deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officer ADAMS,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Battery)

39.     Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officer HOGAN,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award costs, and

4

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

40.     The acts of the Defendant-Officers described in the above state-law claim for battery were willful and wanton, and committed in the scope of employment.

41.     Pursuant to *respondeat superior*, Defendant CITY OF JOLIET is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF JOLIET, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

42.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

43.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF JOLIET is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF JOLIET to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Daniel P. Kiss
*Counsel for the Plaintiff*

Daniel P. Kiss
Meyer & Kiss, LLC
53 West Jackson Blvd., Suite 856
Chicago, Illinois 60604
(312) 765-0100

5